LELAND BYERS, FRANK A. TAYLOR, AND MARVIN
SCHIFF, APPELLANTS, *v.* REUBEN J. LOCKITCH,
RESPONDENT.

No. 3879

February 2, 1956.                    292 P.2d 1071.

*Robert M. Callister,* of Las Vegas, for Appellants.

*George E. Marshall,* of Las Vegas, for Respondent.

## OPINION

By the Court, MERRILL, C. J.:

This is an appeal from judgment for the defendant in a personal injury action brought by the three appellants.

Appellant Taylor was the driver of a car involved in a collision with a car of respondent Lockitch in Las Vegas. As a result of the collision the Taylor car was forced to its left. Taylor, in attempting to bring the car under control, swerved back to his right and the car passed over the curb of the street and in doing so struck and damaged a parked automobile belonging to appellant Schiff. In one action the complaints of three plaintiffs are joined against Lockitch. Taylor brought action for property damage to his automobile and for personal injuries suffered by himself. Schiff brought action for property damage to his automobile. Appellant Byers, a passenger in Taylor's automobile, brought suit for personal injuries suffered by himself.

The case was tried to the court below without a jury, and judgment in favor of the defendant was rendered as to all three of the plaintiffs. Upon this appeal by those plaintiffs it is asserted that there is no evidence to support the findings and judgment in favor of the defendant.

As to Taylor, defendant opposed his action upon the ground of contributory negligence. The court found that Taylor was guilty of contributory negligence in driving at an excessive rate of speed. There is support for such finding in the record. Judgment in favor of defendant Lockitch upon this cause of action must be affirmed.

As to Byers the answer of the defendant states as an affirmative defense that the driver, Taylor, was guilty of contributory negligence and that this contributory negligence is imputed to his passenger, Byers. This defense was abandoned. After judgment was rendered from the bench and before findings of fact were signed, the court permitted Lockitch to amend his answer with reference to Byers ostensibly to conform to the proof. This amendment was to the effect that Byers was himself guilty of contributory negligence. The finding of the trial judge upon this point was also to the effect that Byers was guilty of contributory negligence. We have been unable to find in the record anything to support such a finding, nor any proof of contributory negligence on the part of Byers to which the amendment might conform, nor has the defendant been able to direct our attention to such proof. We must conclude that it was error to have permitted the amendment and that the finding is wholly without support. Upon this cause of action the trial court must be reversed.

As to Schiff, the finding of the trial court was that the manner in which Lockitch had driven his automobile was not the proximate cause of the injury to the Schiff car. It is impossible from the record or from briefs of counsel to determine upon what basis the court proceeded in making this finding or upon what basis the finding can be supported by the record. An examination of the opinion of the trial judge from the bench at the conclusion of the trial indicates clearly that in his mind

both Taylor and Lockitch were guilty of negligence and that the negligence of each had contributed to the collision between their two cars. The record leaves no room for doubt but that that collision between the Taylor and Lockitch cars was the direct and proximate cause of the injury to the Schiff car. It is not argued that there was any intervening cause or that damage to the Schiff car for any reason should be held to have been unforeseeable. Accepting, as we must, from the state of the record and the expressions of the trial judge, that the negligence of Lockitch contributed to the collision with the Taylor car, we are unable to find support in the record for the finding that this negligence was not the proximate cause of the injury to the Schiff car.

As to appellant Taylor the judgment is affirmed. As to appellants Byers and Schiff judgment is reversed, with costs, and the matter remanded for new trial.

BADT and EATHER, JJ., concur.